E-FILED
Friday, 14 October, 2005  10:41:42 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

FILED

OCT 1 3 2005

U.S. CLERK'S OFFICE
ROCK ISLAND, ILLINOIS

| | |
|---|---|
| JANET COLSON, ) | |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| vs. ) | |
| ) | |
| NATIONAL RAILWAY EQUIPMENT ) | |
| CO., MID-STATES TECHNICAL ) | |
| STAFFING SERVICES, INC., a/k/a ) | |
| ENTEGEE, and RAY THORNTON, ) | |
| Individually, ) | No. _05-4083_ |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Janet Colson, by and through her counsel, M. Leanne Tyler of Tyler & Associates P.C., and for her cause of action against the Defendants, National Railway Equipment Co., Mid-States Technical Staffing Services, and Ray Thornton, states as follows:

1.     This is an action brought by the Plaintiff, Janet Colson, pursuant to Title VII (42 USC § 2000 (e) et seq.) for damages suffered by Plaintiff as a result of Defendant's sexual harassment and retaliation against Plaintiff, Janet Colson, and wrongful discharge.

2.     This action is also brought pursuant to common-law doctrines of assault, tortuous interference with contract, and intentional infliction of emotional distress against Defendant, Ray Thornton, for damages suffered by Plaintiff as a result of Defendant's, Ray Thornton's, intentional infliction of emotional distress upon Plaintiff and assault of Plaintiff, in the work environment, tortuous interference

1

with contract, by Defendant, Ray Thornton, National Railway Equipment, Co., and Mid-States Technical Staffing Services, Inc., a/k/a Entegee, for wrongfully discharging Plaintiff.

## JURISDICTION AND VENUE

3.     Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000 (e) et seq., as amended, in relationship to Plaintiff, Janet Colson, for back pay, front pay, compensatory damages, emotional pain, suffering, inconvenience, mental anguish, front and back benefits, punitive damages, interest thereon, injunctive relief, attorney fees and costs reimbursed pursuant to § 706 (g) of Title VII-42 USC § 2000e-5.

4.     The jurisdiction of this Court is invoked by Plaintiff, Janet Colson, to secure protection and to redress deprivation of rights secured by 42 USC § 2000 (e) et seq. (Title VII) which protects against sexual discrimination, retaliation, and wrongful discharge in the employment of persons in the protected class.

5.     The jurisdiction of this Court is also invoked by Plaintiff, Janet Colson, in relationship to her claims for intentional infliction of emotional distress, tortuous interference with contract, and assault, in the interest of filing all causes of action between identical parties relating to the same facts and circumstances in one lawsuit.

6.     All actions herein complained of occurred in the jurisdiction and venue of the United States District Court, Central District of Illinois, Rock Island Division.

2

## ADMINISTRATIVE PROCEDURE

7.    Plaintiff, Janet Colson, has obtained the following Notice of Right to Sue in relation to her claims set forth herein:  Notice of Right to Sue, Charge Number 21BA500193 – Defendants National Railway Equipment Co. and Mid States Technical, and Notice of Right to Sue, Charge Number 21BA403298 – Defendants National Railway Equipment Co. and Mid-States Technical.  (See exhibits 1 and 2 attached hereto).

8.    The above Administrative Releases are prerequisite releases to Plaintiff filing against the Defendants, National Railway Equipment Co. and Mid-States Technical Staffing, Inc., a/k/a Entegee, for each complaint for relief herein pursuant to Title VII, i.e., sexual harassment claim and retaliation.

9.    Plaintiff brings this action herein within ninety (90) days of issuance of the Right to Sue letters provided by the U.S. Equal Employment Opportunity Commission in reference to a)  National Railway Equipment Co., and b)  Mid-States Technical Staffing, Inc., a/k/a Entegee.

## PARTIES

10.    At all times pertinent hereto, Plaintiff, Janet Colson, is, and has been, a resident of Davenport, Iowa, located in the county of Scott.

11.    At all times pertinent hereto, Plaintiff, Janet Colson, was a female employee employed through a temporary service, Mid-States Technical Staffing, Inc., a/k/a Entegee, operating in the State of Illinois (as well as the State of Iowa), and located at 5309 Victoria Avenue, Davenport, Iowa, 52807.

3

12.    At all times pertinent hereto, Plaintiff was a female employee, employed through a temporary service, Mid-States Technical Staffing, Inc., a/k/a Entegee, assigned to National Railway Equipment Co., operating its business at 300 North 9th Street, Silvis, Illinois, 61282, in the County of Rock Island, Illinois.

13.    Plaintiff, Janet Colson, is a female and a member of a protected class within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e, et seq., hereinafter "Title VII"), which prohibits discrimination in employment because of sex.

14.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., was and is a for profit corporation organized and existing under the laws of Illinois, with a place of activities and business in the County of Rock Island, City of Silvis, State of Illinois, which is located within the jurisdiction of the United States District Court, Central District of Illinois.

15.    At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, was and is a for profit corporation organized and existing under the laws of Illinois, with a place of activities and business, as a temporary placement service of employees, in the State of Illinois, (as well as in the State of Iowa), which is located within the jurisdiction of the United States District Court, Central District of Illinois.

16.    At all times pertinent hereto, Plaintiff was employed through Mid-States Technical Staffing, Inc., a/k/a Entegee, through employment located at, and under the supervision of, the management of Mid-States Technical Staffing, Inc., a/k/a Entegee, a/k/a Entegee.

4

17.    At all times pertinent hereto, Plaintiff was employed, through Mid-States Technical Staffing, Inc., a/k/a Entegee, at National Railway Equipment Co., and employed under the supervision and direction of the management of National Railway Equipment Co., located at 300 North 9th Street, Silvis, IL 61282, located within the jurisdiction of the United States District Court, Central District of Illinois.

18.    At all times pertinent hereto, Ray Thornton was an employee of National Railway Equipment Co., supervisory to Plaintiff in his role as Vice-President, at the location of 300 North 9th Street, Silvis, Illinois, 61282.

19.    At all times pertinent hereto, the Defendant, Ray Thornton, was employed as a supervisor (Vice-President) of National Railway Equipment Co., supervisory to Plaintiff, in his position, at National Railway Equipment Co., located at 300 North 9th Street, Silvis, Illinois, 61282, within the jurisdiction of the United States District Court, Central District of Illinois.

20.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., had an adequate number of employees to fall within the parameters of Title VII (fifteen or more employees).

21.    At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, had an adequate number of employees to fall within the parameters of Title VII (fifteen or more employees).

22.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., had an adequate number of employees to fall within the parameters of punitive damages pursuant to Title VII.

5

23.    At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, had an adequate number of employees to fall within the parameters of punitive damages pursuant to Title VII.

24.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., was continuously an employer engaged in an industry affecting commerce within the meaning of 42 USC §12111 (5)(A).

25.    At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, was continuously an employer engaged in an industry affecting commerce within the meaning of 42 USC §12111 (5)(A).

## COUNT I – TITLE VII SEXUAL HARASSMENT; RETALIATION

26.    Plaintiff, Janet Colson, began working at National Railway Equipment Co., through a temporary placement, provided by the temporary service Mid-States Technical Staffing, Inc., a/k/a Entegee, on or about March 4, 2004, at National Railway Equipment Co.'s location of 300 North 9th Street, Silvis, Illinois, 61282.

27.    From the time of her placement, by the temporary service, Mid-States Technical Staffing, Inc., a/k/a Entegee, with the employer, National Railway Equipment Co., through approximately May, 2004, Janet Colson, was administrative assistant to Vice-President Ray Thornton, at National Railway Equipment Co. and adequately performed her work as an administrative assistant.

28.    At all relevant times, Defendant, Ray Thornton, in his employment with Defendant, National Railway Equipment Co., was in a supervisory position to Plaintiff and an agent of Defendant, National Railway Equipment Co., as a Vice-

6

President thereof, in the scope of his employment, during the time that the claimed sexual discrimination/harassment occurred.

29.    On approximately March 6, 2004, after Plaintiff began working through Mid-States Technical Staffing, Inc., a/k/a Entegee, the temporary agency, at National Railway Equipment Co., as Administrative Assistant to Vice-President Ray Thornton, Ray Thornton began making sexual comments to Janet Colson, in that Ray Thornton would openly speak about his sexual activities, and tell stories with a sexual content to Janet Colson, including, but not restricted to, comments about group sex, orgies, references to women's genitals being "tight", references to his "hard-on", references to keeping women on the side, references to Plaintiff's legs and breasts, many comments about his sexual preferences and activities.

30.    The sexual comments to Plaintiff continued by Defendant, Ray Thornton, in the scope of his employment at National Railway Equipment Co., on a frequent basis or as a common occurrence.

31.    Defendant, Ray Thornton, also engaged in inappropriate touching and demonstration, of Plaintiff, while she was under his supervision; for instance, he touched Plaintiff's breasts, came up behind Plaintiff and rubbed against her, tried to pull Plaintiff down on his lap, and demonstrated his "hard-on" through his pants.

32.    Defendant, Ray Thornton, expressed his love of vanilla, in March of 2004, and purchased vanilla body oil for Plaintiff, which he demanded that she wear while in his presence.

7

33. Defendant, Ray Thornton, indicated that Plaintiff would be able to be hired permanently, at National Railway Equipment Company, Inc., if she played her cards right, and she would receive more money than the other secretaries.

34. Defendant, Ray Thornton, frequently bragged about his sexual escapades, indicating how he had caught a dreadful sexual disease, and indicating that he had almost slept or slept with a Jew, which for some reason he believed bad.

35. Defendant, Ray Thornton, asked Plaintiff several times to meet him for drinks at a local bar.

36. Defendant, Ray Thornton, drove by Plaintiff's house, during her employment.

37. Ray Thornton would call Plaintiff into his office and talk about his sexual escapades, and try to pull her down on his lap.

38. Defendant, Ray Thornton, when he asked Plaintiff into his office, approximately 90% of the time, was to talk about sexual activities, sexual stories, or to make sexual comments or engage in sexual behavior, other than work-related activities.

39. During Plaintiff's employment, at National Railway Equipment Co., another supervisor to Plaintiff, Lorrie Winters, was plant manager, but also in charge of office personnel.

40. Plaintiff complained to Lorrie Winters about Ray Thornton's behavior, because Plaintiff believed this was an appropriate channel to complain about Ray Thornton's behavior.

8

41.    Lorrie Winters took no action to curtail Ray Thornton's behavior and indicated, "If Plaintiff took care of Ray, Ray would take care of her".

42.    The other managers, at National Railway Equipment Co., were aware of Ray Thornton's behavior.

43.    Because Lorrie Winters took no action, and Plaintiff no longer felt safe, Plaintiff went home upset on May 10, 2004, after further sexual comments by Ray Thornton, and notified Mid-States Technical Staffing Services Inc., the temporary service, who had assigned her to Defendant National Railway.

44.    Plaintiff spoke to Brenda Weise, the Human Resources Director with Mid-States Technical Staffing Services, Inc., about the sexual harassment at National Railway Equipment Co.

45.    Plaintiff also spoke with Barbara Garoski, a manager connected with Mid-States Technical Staffing Services, Inc.

46.    Plaintiff was told not to return to National Railway Equipment Co. by Barbara Garoski, a manager connected with Mid-States Technical Staffing Services, Inc., while her complaints were being investigated.

47.    However, the investigation was not completed and National Railway Equipment Co. marked Plaintiff's absence as unexcused.

48.    Plaintiff was terminated by National Railway Equipment Co. in retaliation for her complaint of sexual harassment by Mr. Thornton in May, 2004.

49.    Lorrie Winters, Plaintiff's other supervisor and manager of office personnel, besides Ray Thornton, participated in and condoned Ray Thornton's sexually harassing and discriminatory behavior.

9

50.    Mid-States Technical Staffing, Inc., a/k/a Entegee, placed people only at National Railway Equipment Co., and did not place employees at any other business, so the temporary service did not provide Plaintiff with any other assignment.

51.    Since Mid-States Technical Staffing, Inc., a/k/a Entegee only places employees at National Railway Equipment Co., so they are basically an interview and payroll service for National Railway Equipment Co., and thus part and parcel to the same company.

52.    Plaintiff did not participate in the sexually harassing comments and behavior of Ray Thornton.

53.    The above sexual harassment, by Plaintiff's supervisor, Ray Thornton, constituted different treatment of Plaintiff, from the treatment of her male co-workers, other co-workers, and supervisors participating in sexually harassing comments and behavior.

54.    Plaintiff asserts that her discharge from employment with Defendant, National Railway Equipment Co., through the temporary service, Mid-States Technical Staffing, Inc., a/k/a Entegee, was in retaliation for Plaintiff's complaint, about the sexual harassment by Ray Thornton.

55.    Plaintiff complained to Lorrie Winters about Ray Thornton's sexually harassing behavior, but no action was ever taken, by her, as a supervisor of Plaintiff.

56.    While in employment, Plaintiff performed her job at least equally to the performance of her male co-workers.

10

57.    The above list of actions and comments described herein, by Plaintiff, is not an exhaustive list of the actions and comments of Ray Thornton, to Janet Colson, these listed actions and comments are merely examples to set forth notice of the nature of Plaintiff's allegations against Ray Thornton, National Railway Equipment Co., and Mid-States Technical Staffing, Inc., a/k/a Entegee.

58.    Because Ray Thornton was in the scope of his employment, as Vice-President of National Railway Equipment Co., during all of the above acts, Defendant, National Railway Equipment Co., is responsible for his actions, under the doctrine of respondent superior.

59.    Because Ray Thornton was in the scope of his employment, during all of the above acts, at National Railway Equipment Co. and Mid-States Technical Staffing, Inc., a/k/a Entegee, in its operation of business is merely an extension of National Railway Equipment Co.'s, operations, through services in providing National Railway Equipment Co., and no other, with payroll and hiring, Mid-States Technical Staffing, Inc., a/k/a Entegee is responsible for the actions of National Railway Equipment Co., and its employees, including Ray Thornton, under the doctrine of respondent superior.

60.    Mid-States Technical Staffing, Inc., a/k/a Entegee is also responsible for the actions of National Railway Equipment Co. because it is essentially a division or involved in a collaborative effort of the business of National Railway Equipment Co., functioning solely in the hiring and payroll for that company.

11

61.    Prior to Ray Thornton's sexually harassing comments of Janet Colson, Ray Thornton had previously sexually harassed several female employees, under his supervision, at National Railway Equipment Co.

62.    Several of these other female employees had complained, to National Railway Equipment Co., about Ray Thornton's sexually harassing comments and behavior toward them, specifically to Lorrie Winters, a supervisor of the Executive/Administrative Assistants in that office, and National Railway Equipment Co. had previously taken no action, as well as in the case of Janet Colson.

63.    Because there had been several employees complain to National Railway Equipment Co., through Lorrie Winters, of Ray Thornton's sexually harassing behavior toward women under his supervision, National Railway Equipment had been on notice, for an extended period of time, of Ray Thornton's sexually harassing behavior, and had chose to do nothing, and, in fact, had fostered the sexual harassment by continually choosing to take no action and placing female employees under his supervision.

64.    Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

65.    The above actions set forth in Count I constitute a hostile working environment and supervisor harassment in violation of Title VII of the Civil Rights Act of 1964.

66.    In reference to this hostile working environment and supervisor harassment, the Defendant, National Railway Equipment Co., knew, or reasonably

should have known, of the alleged sexually harassing conduct by its employee, Ray Thornton.

67.   In reference to this hostile working environment and supervisor harassment, the Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, performing the employee hiring and payroll functions, of National Railway Equipment Co., knew, or reasonably should have known, of the alleged sexually harassing conduct by the Vice-President of National Railway Equipment Co., Ray Thornton, for which it performed payroll and hiring functions, based on prior complaints by other female employees.

68.   Defendant, National Railway Equipment Co., did not have adequate policies and procedures actually in practice to allow plaintiff the appropriate opportunity to report the discriminatory behavior.

69.   Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, did not have adequate policies and procedures actually in practice to allow plaintiff the appropriate opportunity to report he discriminatory behavior.

70.   Defendant, Ray Thornton, utilized his supervisory position as Vice-President, at National Railway Equipment Co., to sexually harass and intimidate Plaintiff, Janet Colson, his administrative assistant.

71.   The above referred actions set forth in Count I constitute discrimination in performance and enforcement of employment contract, in violation of Title VII of the Civil Rights Act of 1964, by National Railway Equipment Co.

72.   The above referred actions set forth in Count I constitute discrimination in performance and enforcement of employment contract, in violation

13

of Title VII of the Civil Rights Act of 1964, by Mid-States Technical Staffing, Inc., a/k/a Entegee

73.    The above referred actions set forth in Count I constitute sexual harassment in enforcement, performance, terms, and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, by National Railway Equipment Co.

74.    The above referred actions set forth in Count I constitute sexual harassment in enforcement, performance, terms, and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, by Mid-States Technical Staffing, Inc., a/k/a Entegee

75.    The above referred actions set forth in Count I constitute retaliatory discharge or termination of an employment contract for Plaintiff having complained of discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, by National Railway Equipment Co.

76.    The above referred actions set forth in Count I constitute retaliatory discharge and termination of an employment contract for Plaintiff having complained of discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, by Mid-States Technical Staffing, Inc., a/k/a Entegee

77.    Any reason which Defendant, National Railway Equipment Co., attempts to articulate for harassing and treating Plaintiff differently from her male co-workers are merely a pretext for improper motivation of sexual discrimination and harassment, hostile working environment, and retaliation in the enforcement, performance, terms, and conditions of Plaintiff's employment contract.

14

78.    Any reason which Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, attempts to articulate for harassing and treating Plaintiff differently from her male co-workers are merely a pretext for improper motivation of sexual discrimination and harassment, hostile working environment, and retaliation in the enforcement, performance, terms, and conditions of Plaintiff's employment contract.

79.    Plaintiff reasonably exercised such reporting procedures, in place by National Railway Equipment Co., as were practically available to her in reference to her claim of sexual harassment.

80.    Plaintiff reasonably exercised such reporting procedures, in place by Mid-States Technical Staffing, Inc., a/k/a Entegee, as were practically available to her in reference to her claim of sexual harassment.

81.    As a result of Defendants' actions, Plaintiff has lost wages and benefits prior to the filing of this lawsuit and will lose wages and benefits in the future, such as retirement, medical benefits, vacation pay, profit sharing, et cetera.

82.    As a result of Defendants' actions, Plaintiff has suffered pain, humiliation, and emotional distress.

83.    It is appropriate, pursuant to the remedies available, pursuant to Title VII of the Civil Rights Act of 1964, that consequential damages such as loss of future job opportunities and personal injuries, such as pain, suffering, humiliation, and emotional distress, be awarded.

84.    It is appropriate pursuant to Title VII of the Civil Rights Act of 1964 that, because Defendants acted with willful, intentional, or in reckless disregard for Plaintiff's federally protected rights, in relation to the violation of Title VII, that

punitive damages to the maximum extent available for the number of employees employed by Defendant, National Railway Equipment Co., be granted.

85.    It is appropriate pursuant to Title VII of the Civil Rights Act of 1964 that, because Defendants acted with willful, intentional, or reckless disregard for Plaintiff's federally protected rights, in relation to the violation of Title VII, that punitive damages to the maximum extent available for the number of employees employed by Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, be granted.

86.    It is appropriate that Plaintiff, Janet Colson, be awarded her reasonable attorney fees and costs pursuant to Title VII of the Civil Rights Act of 1964.

87.    The standard for reasonable attorney fees in this case are to be determined as indicated by North Carolina Department of Transportation v. Crest Street Community Council, Inc., 107 S. Ct. 336 (1986).

WHEREFORE, Plaintiff, Janet Colson, respectfully prays that this Court enter judgment for Count 1 in her favor and against Defendants, National Railway Equipment Co., and Mid-States Technical Staffing, Inc., a/k/a Entegee, for front pay, her compensatory damages (pain and suffering, including emotional distress), back pay, front and back benefits, loss of earning capacity, costs, attorney's fees, punitive damages, interest on all the above damages, and such other equitable and further relief as the Court deems just and equitable.

## COUNT 2 - ASSAULT

88.     Plaintiff repleads paragraph 1 through 64, the same as if set forth, in full, herein.

89.     The matters set forth above, including, but not limited to, described in paragraphs 29 through 38, were done by Ray Thornton with the intent to put Plaintiff, Janet Colson, in fear of physical contact or injury, which would be insulting or offensive.

90.     Janet Colson, Plaintiff, reasonably believed that Defendant, Ray Thornton, was going to carry out the acts immediately.

91.     Defendants' actions were the proximate cause of Plaintiff's damages, which include, but are not limited to, the following: back and front pay; back and front benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

92.     Because Ray Thornton performed the above actions within the scope of his employment, Defendant, National Railway Equipment Co., is responsible for his actions as a supervisor in said company, including his actions of July 16, 2000.

93.     In the alternative, if the doctrine of Respondent Superior does not apply, Defendant, National Railway Equipment Co., is responsible, to Plaintiff, for the actions of Ray Thornton because National Railway Equipment Co. had knowledge that he was harassing Plaintiff and other female employees and recklessly disregarded the safety of Janet Colson, and thus aided and abetted in the assaultive behavior.

94.    Defendant's actions were the proximate cause of Plaintiff's damages which include, but are not limited to, the following: back and front pay; back and front benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

95.    Because the above-mentioned actions constituted willful and wanton disregard for the rights and safety of Plaintiff, punitive damages are appropriate against Defendant Ray Thornton and National Railway Equipment Co.

WHEREFORE, Plaintiff, Janet Colson, respectfully prays that this Court enter judgment for Count 2 in her favor against Defendants, Ray Thornton and National Railway Equipment Co., in an amount that will compensate her for her damages, including punitive damages, together with interest thereon, and such other and further relief as the Court deems just and equitable.

## COUNT 3 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

96.    Plaintiff repleads paragraph 1 through 64, the same as if set forth, in full, herein.

97.    Defendants, National Railway Equipment Co. and Ray Thornton, engaged in outrageous conduct, in relation to activities plead in paragraphs 1 through 65 above.

98.    Defendant, Ray Thornton, engaged in outrageous conduct by his actions described in paragraphs 29 through 38.

99.    Defendant, National Railway Equipment Co., engaged in outrageous conduct because of failure to respond to Janet Colson's complaint, through her supervisor, Lorrie Townsend, and to protect her from Ray Thornton, pursuant to her

complaint lodged with Lorrie Winters, the appropriate supervisor to which to complain, at National Railway Equipment Co.

100. Defendant, National Railway Equipment Co., engaged in outrageous uninvited conduct because it knew, from complaints of other female employees, of uninvited sexual comments, sexual behavior, of Ray Thornton, the Vice-President, and manager to female employees under his supervision, and failed to take any actions, even though National Railway Equipment Co. was aware of these other complaints prior to the timeframe that Ray Thornton's actions were perpetrated upon Janet Colson.

101. Defendant, Ray Thornton, intentionally caused emotional distress, or acted with reckless disregard to the probability of causing emotional distress by his activities set forth in paragraphs 29 through 38, above to Plaintiff.

102. Defendant, National Railway Equipment Co., caused emotional distress, or acted with reckless disregard to the probability of causing emotional distress, to Janet Colson, by its failure to act upon her complaints and take them seriously in reference to Ray Thornton, particularly in light of its knowledge of complaints of previous female employees, and failure to protect Plaintiff from Ray Thornton's actions.

103. The Defendant, National Railway Equipment Co., intentionally caused emotional distress, or acted with reckless disregard to the probability of causing emotional distress, by its failure, also, to take corrective action against Ray Thornton when it was aware of other complaints by other female employees during

19

the timeframe prior to the actions by Ray Thornton against Janet Colson, and her complaints thereof.

104.    Defendants', National Railway Equipment Co.'s and Ray Thornton's, outrageous conduct was the proximate cause of emotional distress to Plaintiff.

105.    Defendant's actions were the proximate cause of Plaintiff's damages which include, but are not limited to, the following: back and front pay; back and front benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

106.    Because the above-mentioned actions constituted willful and wanton disregard for the rights and safety of Plaintiff, punitive damages are appropriate.

WHEREFORE, Plaintiff, Janet Colson, respectfully prays that this Court enter judgment for Count 3 in her favor and against Defendants Ray Thornton and National Railway Equipment Co., in an amount that will compensate her for her damages, including punitive damages, together with interest thereon, and such other and further relief as the Court deems just and equitable.

### COUNT 4 – INTENTIONAL INTERFERENCE WITH CONTRACT

107.    Plaintiff repleads paragraphs 1 through 49, the same as if set forth, in full, herein.

108.    Plaintiff had a contract with Mid-States Technical Staffing, Inc., a/k/a Entegee, (the company which performed all of the hiring and payroll operations for National Railway Equipment Co.,) and National Railway Equipment Co., as an administrative assistant.

109.    Defendant, Ray Thornton, knew of Plaintiff's contract, referred to above, because he was her supervisor.

110.    Defendant, Ray Thornton, intentionally and improperly interfered with Janet Colson's contract by making sexual comments and engaging in sexual behavior at work, and thus exposing her to unsafe conditions at work, as set forth in paragraphs 29 through 38 above.

111.    Defendant's, Ray Thornton's, interference with Janet Colson's contract of employment, caused Janet Colson to be terminated from employment in March, 2004.

112.    Defendant's, Ray Thornton's, interference with Plaintiff's contract was intentional and improper.

113.    Defendants', Ray Thornton's and National Railway Equipment Co.'s, actions were the proximate cause of Plaintiff's damages which include, but are not limited to, the following: back and front pay; back and front benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

114.    Because the above-mentioned actions constituted willful and wanton disregard for the rights and safety of Plaintiff, punitive damages are appropriate.

WHEREFORE, Plaintiff, Janet Colson, respectfully prays that this Court enter judgment for Count 4 in her favor and against Defendant Ray Thornton in an amount that will compensate her for her damages, including punitive damages, together with interest thereon, and such other and further relief as the Court deems just and equitable.

JANET COLSON, Plaintiff

By:_____

M. Leanne Tyler, Attorney for Plaintiff
TYLER & ASSOCIATES, P.C.
4431 E. 56th Street
Davenport, IA 52807
Telephone:    563-355-4040
Facsimile:    563-355-8883
E-Mail:       MLT@Ltylerlaw.com

**U.S. Equal Employment Opportunity Commission**

## Notice of Right to Sue *(Issued on Request)*

| | | | |
|---|---|---|---|
| To: | **Ms. Janet Ann Colson**<br>**2114 North Zenith Avenue**<br>**Davenport, Iowa 52804** | From: | **Equal Employment Opportunity**<br>**Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois 60661-2511** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21BA403298** | **Nola Smith, State/Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

### Notice to the Person Aggrieved:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosure(s)

*John P. Rowe*
**John P. Rowe, District Director**

20 July 2005
*(Date Mailed)*

cc: **National Railway Equipment**
**Mid States Technical (M.S.T.)**
**a/k/a Entegee**

**EXHIBIT**
1

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Ms. Janet Ann Colson**<br>**2114 North Zenith Avenue**<br>**Davenport, Iowa 52804** | From: | **Equal Employment Opportunity**<br>**Commission**<br>**Chicago District Office**<br>**500 West Madison Street**<br>**Suite 2800**<br>**Chicago, Illinois 60661-2511** |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21BA500193** | **Nola Smith, State/Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*
_____
**John P. Rowe, District Director**

20 July 2005
_____
(Date Mailed)

Enclosure(s)

cc: **National Railway Equipment**
**Mid States Technical (M.S.T.)**
**a/k/a Entegee**

EXHIBIT
2

05-4083    **E-FILED**
Friday, 14 October, 2005  10:42:01 AM
Clerk, U.S. District Court, ILCD

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JANET COLSON

## DEFENDANTS
NATIONAL RAILWAY EQUIPMENT CO., MID-STATES TECHNICAL STAFFING SERVICES, INC., a/k/a ENTEGEE,

**(b)** County of Residence of First Listed Plaintiff    Scott County, Iowa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tyler & Associates, P.C., 4431 East 56th Street, Davenport, IA  52807
(563) 355-4040

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 200(e) et. seq; Title VII
Brief description of cause:
Sexual harassment and companion state law claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Billy McDade
DOCKET NUMBER 4:05-CV-04060

DATE
10-13-05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____