**E-FILED**
Thursday, 10 November, 2005  10:18:45 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JANET COLSON, | ) | |
| | ) | |
| Plaintiff, | ) | **No. 05-4083** |
| | ) | |
| vs. | ) | **ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES** |
| NATIONAL RAILWAY EQUIPMENT | ) | **OF NATIONAL RAILWAY** |
| CO., MID-STATES TECHNICAL | ) | **EQUIPMENT CO. AND** |
| STAFFING SERVICES, INC., a/k/a | ) | **RAY THORNTON** |
| ENTEGEE, and RAY THORNTON, | ) | |
| Individually, | ) | |
| Defendants. | ) | |

Defendants NATIONAL RAILWAY EQUIPMENT CO. and RAY THORNTON by

and through their counsel, Matthew P. Pappas and Terri L. Martin of Pappas & Schnell, P.C.,

for their Answer to Plaintiff's Complaint, state as follows:

1.      This is an action brought by the Plaintiff, Janet Colson, pursuant to Title VII

(42 USC § 2000 (e) et seq.) for damages suffered by Plaintiff as a result of Defendant's sexual

harassment and retaliation against Plaintiff, Janet Colson, and wrongful discharge.

**ANSWER**:  Defendants admit Plaintiff has filed a four count Complaint alleging

sexual harassment and retaliation.  Defendants deny Plaintiff has stated a claim upon which

relief can be granted and further deny that a violation of Title VII has occurred.  Defendants

deny each and every remaining allegation contained in Paragraph 1 of the Complaint.

2.      This action is also brought pursuant to common-law doctrines of assault,

tortuous [sic] interference with contract, and intentional infliction of emotional distress

against Defendant, Ray Thornton, for damages suffered by Plaintiff as a result of Defendant's,

Ray Thornton's, intentional infliction of emotional distress upon Plaintiff and assault of

Plaintiff, in the work environment, tortuous [sic] interference with contract, by Defendant,

Ray Thornton, National Railway Equipment, Co., and Mid-States Technical Staffing

Services, Inc., a/k/a Entegee, for wrongfully discharging Plaintiff.

     **ANSWER**:  Defendants admit Plaintiff has filed a four count Complaint alleging

violations of the common-law doctrines of assault, tortious interference with contract, and

intentional infliction of emotional distress.  Defendants deny Plaintiff has stated a claim upon

which relief can be granted and further deny that violations of these common-law doctrines

has occurred.  Defendants deny each and every remaining allegation contained in Paragraph 2

of the Complaint.

**<u>JURISDICTION AND VENUE</u>**

     3.     Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000 (e) et seq.,

as amended, in relationship to Plaintiff, Janet Colson, for back pay, front pay, compensatory

damages, emotional pain, suffering, inconvenience, mental anguish, front and back benefits,

punitive damages, interest thereon, injunctive relief, attorney fees and costs reimbursed

pursuant to § 706 (g) of Title VII-42 USC § 2000e-5.

     **ANSWER**:  Defendants deny that Plaintiff has stated a claim under Title VII upon

which relief may be granted or that a violation of Title VII has occurred. Further, to the

extent that Plaintiff alleged violations of Title VII which allegedly occurred more than three

hundred days from the filing of the charge with the Equal Employment Opportunity

Commission, Plaintiff has failed to file a timely charge with respect to such acts and therefore

the court lacks jurisdiction of the subject matter regarding the same.  Defendants deny each

and every remaining allegation contained in paragraph 3 of the Complaint.

     4.     The jurisdiction of this Court is invoked by Plaintiff, Janet Colson, to secure

protection and to redress deprivation of rights secured by 42 USC § 2000 (e) et seq. (Title

VII) which protects against sexual discrimination, retaliation, and wrongful discharge in the

employment of persons in the protected class.

2

**ANSWER**: Defendants deny that Plaintiff has stated a claim under Title VII upon which relief may be granted or that a violation of Title VII has occurred. Further, to the extent that Plaintiff alleged violations of Title VII which allegedly occurred more than three hundred days from the filing of the charge with the Equal Employment Opportunity Commission, Plaintiff has failed to file a timely charge with respect to such acts and therefore the court lacks jurisdiction of the subject matter regarding the same. Defendants deny each and every remaining allegation contained in paragraph 4 of the Complaint.

5.      The jurisdiction of this Court is also invoked by Plaintiff, Janet Colson, in relationship to her claims for intentional infliction of emotional distress, tortuous [sic] interference with contract, and assault, in the interest of filing all causes of action between identical parties relating to the same facts and circumstances in one lawsuit.

**ANSWER**: Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      All actions herein complained of occurred in the jurisdiction and venue of the United States District Court, Central District of Illinois, Rock Island Division.

**ANSWER**: Defendants admit that venue is correct. Defendants deny each and every remaining allegation contained in Paragraph 6 of the Complaint.

## ADMINISTRATIVE PROCEDURE

7.      Plaintiff, Janet Colson, has obtained the following Notice of Right to Sue in relation to her claims set forth herein: Notice of Right to Sue, Charge Number 21BA500193 — Defendants National Railway Equipment Co. and Mid States Technical, and Notice of Right to Sue, Charge Number 21BA403298 — Defendants National Railway Equipment Co. and Mid-States Technical. (See exhibits 1 and 2 attached hereto).

**ANSWER**: Defendants affirmatively state that Exhibits 1 and 2 attached to the Complaint speak for themselves. Defendants deny each and every remaining allegation in Paragraph 7 of the Complaint.

8.      The above Administrative Releases are prerequisite releases to Plaintiff filing against the Defendants, National Railway Equipment Co. and Mid-States Technical Staffing, Inc., a/k/a Entegee, for each complaint for relief herein pursuant to Title VII, i.e., sexual harassment claim and retaliation.

**ANSWER**:  Defendants deny the allegations in Paragraph 8 of the Complaint.

9.       Plaintiff brings this action herein within ninety (90) days of issuance of the Right to Sue letters provided by the U.S. Equal Employment Opportunity Commission in reference to a) National Railway Equipment Co., and b) Mid-States Technical Staffing, Inc., a/k/a Entegee.

**ANSWER**:  Defendants affirmatively state that the Complaint and Exhibits 1 and 2 attached to the Complaint speak for themselves.  Defendants deny each and every remaining allegation in Paragraph 9 of the Complaint.

## PARTIES

10.      At all times pertinent hereto, Plaintiff, Janet Colson, is, and has been, a resident of Davenport, Iowa, located in the county of Scott.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint and therefore deny the allegations in Paragraph 10 of the Complaint.

11.      At all times pertinent hereto, Plaintiff, Janet Colson, was a female employee employed through a temporary service, Mid-States Technical Staffing, Inc., a/k/a Entegee, operating in the State of Illinois (as well as the State of Iowa), and located at 5309 Victoria Avenue, Davenport, Iowa, 52807.

**ANSWER**:  Defendants admit that Plaintiff is a female, but Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

4

allegations of Paragraph 11 of the Complaint and therefore deny the remaining allegations in Paragraph 11 of the Complaint.

12.    At all times pertinent hereto, Plaintiff was a female employee, employed through a temporary service, Mid-States Technical Staffing, Inc., a/k/a Entegee, assigned to National Railway Equipment Co., operating its business at 300 North 9th Street, Silvis, Illinois, 61282, in the County of Rock Island, Illinois.

**ANSWER**:  Defendants admit that Plaintiff was a female employed by Mid-States Technical Staffing, Inc.  Defendants deny each and every remaining allegation in Paragraph 12 of the Complaint.

13.    Plaintiff, Janet Colson, is a female and a member of a protected class within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. Section 2000e, et seq., hereinafter "Title VII"), which prohibits discrimination in employment because of sex.

**ANSWER**:  Defendants admit that Plaintiff is a female and that Title VII of the Civil Rights Act of 1964 prohibits sex discrimination in employment.  Defendants deny Plaintiff has stated a claim upon which relief can be granted and further deny that a violation of Title VII has occurred.  Defendants deny each and every remaining allegation contained in Paragraph 13 of Plaintiff's Complaint.

14.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., was and is a for profit corporation organized and existing under the laws of Illinois, with a place of activities and business in the County of Rock Island, City of Silvis, State of Illinois, which is located within the jurisdiction of the United States District Court, Central District of Illinois.

**ANSWER**: Defendants admit that Defendant, National Railway Equipment Co. was and is a for-profit Illinois corporation with a place of business in Silvis, Illinois, Rock Island County.  Defendants deny each and every remaining allegation in Paragraph 14 of the Complaint.

15.    At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, was and is a for profit corporation organized and existing under the laws of Illinois, with a place of activities and business, as a temporary placement service of employees, in the State of Illinois, (as well as in the State of Iowa), which is located within the jurisdiction of the United States District Court, Central District of Illinois.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint and therefore deny the allegations in Paragraph 15 of the Complaint.

16.    At all times pertinent hereto, Plaintiff was employed through Mid-States Technical Staffing, Inc., a/k/a Entegee, through employment located at, and under the supervision of, the management of Mid-States Technical Staffing, Inc., a/k/a Entegee, a/k/a Entegee.

**ANSWER**:  Defendants admit that Plaintiff was employed by Mid-States Technical Staffing, Inc. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of each and every remaining allegation of Paragraph 16 of the Complaint and therefore deny the allegations in Paragraph 16 of the Complaint.

17.    At all times pertinent hereto, Plaintiff was employed, through Mid-States Technical Staffing, Inc., a/k/a Entegee, at National Railway Equipment Co., and employed under the supervision and direction of the management of National Railway Equipment Co., located at 300 North 9th Street, Silvis, IL 61282, located within the jurisdiction of the United States District Court, Central District of Illinois.

**ANSWER**:  Defendants admit that Plaintiff was employed by Mid-States Technical Staffing, Inc. at National Railway Equipment Co.  Defendants deny each and every remaining allegation in Paragraph 17 of the Complaint.

18.    At all times pertinent hereto, Ray Thornton was an employee of National Railway Equipment Co., supervisory to Plaintiff in his role as Vice-President, at the location of 300 North 9th Street, Silvis, Illinois, 61282.

**ANSWER**:  Defendants admit that Ray Thornton was a Vice-President at National Railway Equipment Co. at all times pertinent hereto.  Defendants deny each and every remaining allegation in Paragraph 18 of the Complaint.

19.    At all times pertinent hereto, the Defendant, Ray Thornton, was employed as a supervisor (Vice-President) of National Railway Equipment Co., supervisory to Plaintiff, in his position, at National Railway Equipment Co., located at 300 North 9th Street, Silvis, Illinois, 61282, within the jurisdiction of the United States District Court, Central District of Illinois.

**ANSWER**:  Defendants admit that Ray Thornton was a Vice-President at National Railway Equipment Co. at all times pertinent hereto.  Defendants deny each and every remaining allegation in Paragraph 19 of the Complaint.

20.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., had an adequate number of employees to fall within the parameters of Title VII (fifteen or more employees).

**ANSWER**:  Defendants admit National Railway Equipment Co. employs fifteen or more employees.  Defendants deny Plaintiff has stated a claim upon which relief can be granted and further deny that a violation of Title VII has occurred.  Defendants deny each and every remaining allegation contained in Paragraph 20 of the Complaint.

21.    At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, had an adequate number of employees to fall within the parameters of Title VII (fifteen or more employees).

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint and therefore deny the allegations in Paragraph 21 of the Complaint.

22.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., had an adequate number of employees to fall within the parameters of punitive damages pursuant to Title VII.

**ANSWER**:  Defendants deny Plaintiff has stated a claim upon which relief can be granted and further deny that a violation of Title VII has occurred.  Defendants deny each and every remaining allegation contained in Paragraph 22 of the Complaint.

23.    At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, had an adequate number of employees to fall within the parameters of punitive damages pursuant to Title VII.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint.  Therefore, Defendants deny each and every remaining allegation in Paragraph 23 of the Complaint.

24.    At all times pertinent to this complaint, Defendant, National Railway Equipment Co., was continuously an employer engaged in an industry affecting commerce within the meaning of 42 USC §12111 (5)(A).

**ANSWER**:  Defendants admit that National Railway Equipment Co. meets the definition of "employer" as specified under 42 U.S.C. Section 12111(5)(A).  Defendants deny

Plaintiff has stated a claim upon which relief can be granted and further deny that a violation of Title VII has occurred.  Defendants deny each and every remaining allegation contained in Paragraph 24 of the Complaint.

25.     At all times pertinent to this complaint, Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, was continuously an employer engaged in an industry affecting commerce within the meaning of 42 USC § 12111 (5)(A).

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint and therefore deny the allegations in Paragraph 25 of the Complaint.

**ANSWER TO COUNT I - TITLE VII SEXUAL HARASSMENT; RETALIATION**

26.     Plaintiff, Janet Colson, began working at National Railway Equipment Co., through a temporary placement, provided by the temporary service Mid-States Technical Staffing, Inc., a/k/a Entegee, on or about March 4, 2004, at National Railway Equipment Co.'s location of 300 North 9th Street, Silvis, Illinois, 61282.

**ANSWER**:  Defendants admit that on or about March 4, 2004, Plaintiff began working at National Railway Equipment Co. through a temporary placement provided by Mid-States Technical Staffing, Inc.  Defendants deny each and every remaining allegation in Paragraph 26 of the Complaint.

27.     From the time of her placement, by the temporary service, Mid-States Technical Staffing, Inc., a/k/a Entegee, with the employer, National Railway Equipment Co., through approximately May, 2004, Janet Colson, was administrative assistant to Vice-President Ray Thornton, at National Railway Equipment Co. and adequately performed her work as an administrative assistant.

**ANSWER**:  Defendants admit that Plaintiff was placed at National Railway Equipment, Co. by Mid-States Technical Staffing, Inc.  Defendants deny each and every remaining allegation in Paragraph 27 of the Complaint.

28.    At all relevant times, Defendant, Ray Thornton, in his employment with Defendant, National Railway Equipment Co., was in a supervisory position to Plaintiff and an agent of Defendant, National Railway Equipment Co., as a Vice-President thereof, in the scope of his employment, during the time that the claimed sexual discrimination/harassment occurred.

**ANSWER**:  Defendants admit that Ray Thornton was employed by National Railway Equipment Co. as a Vice President.  Defendants deny each and every remaining allegation in Paragraph 28 of the Complaint.

29.    On  approximately March 6,  2004, after Plaintiff began working through Mid-States Technical Staffing, Inc., a/k/a Entegee, the temporary agency, at National Railway Equipment Co., as Administrative Assistant to Vice-President Ray Thornton, Ray Thornton began making sexual comments to Janet Colson, in that Ray Thornton would openly speak about his sexual activities, and tell stories with a sexual content to Janet Colson, including, but not restricted to, comments about group sex, orgies, references to women's genitals being "tight", references to his "hard-on", references to keeping women on the side, references to Plaintiffs legs and breasts, many comments about his sexual preferences and activities.

**ANSWER**:  Defendants deny the allegations in Paragraph 29 of the Complaint.

30.    The sexual comments to Plaintiff continued by Defendant, Ray Thornton, in the scope of his employment at National Railway Equipment Co., on a frequent basis or as a common occurrence.

**ANSWER**: Defendants deny the allegations in Paragraph 30 of the Complaint.

31.    Defendant, Ray Thornton, also engaged in inappropriate touching and demonstration, of Plaintiff, while she was under his supervision; for instance, he touched Plaintiffs breasts, came up behind Plaintiff and rubbed against her, tried to pull Plaintiff down on his lap, and demonstrated his "hard-on" through his pants.

**ANSWER**: Defendants deny the allegations in Paragraph 31 of the Complaint.

32.    Defendant, Ray Thornton, expressed his love of vanilla, in March of 2004, and purchased vanilla body oil for Plaintiff, which he demanded that she wear while in his presence.

**ANSWER**: Defendants deny the allegations in Paragraph 32 of the Complaint.

33.    Defendant, Ray Thornton, indicated that Plaintiff would be able to be hired permanently, at National Railway Equipment Company, Inc., if she played her cards right, and she would receive more money than the other secretaries.

**ANSWER**: Defendants deny the allegations in Paragraph 33 of the Complaint.

34.    Defendant, Ray Thornton, frequently bragged about his sexual escapades, indicating how he had caught a dreadful sexual disease, and indicating that he had almost slept or slept with a Jew, which for some reason he believed bad.

**ANSWER**: Defendants deny the allegations in Paragraph 34 of the Complaint.

35.    Defendant, Ray Thornton, asked Plaintiff several times to meet him for drinks at a local bar.

**ANSWER**: Defendants deny the allegations in Paragraph 35 of the Complaint.

36.    Defendant, Ray Thornton, drove by Plaintiffs house, during her employment.

**ANSWER**: Defendants deny the allegations in Paragraph 36 of the Complaint.

37.    Ray Thornton would call Plaintiff into his office and talk about his sexual escapades, and try to pull her down on his lap.

**ANSWER**: Defendants deny the allegations in Paragraph 37 of the Complaint.

38.    Defendant, Ray Thornton, when he asked Plaintiff into his office, approximately 90% of the time, was to talk about sexual activities, sexual stories, or to make sexual comments or engage in sexual behavior, other than work-related activities.

**ANSWER**: Defendants deny the allegations in Paragraph 38 of the Complaint.

39.    During Plaintiffs employment, at National Railway Equipment Co., another supervisor to Plaintiff, Lorrie Winters, was plant manager, but also in charge of office personnel.

**ANSWER**: Defendants admit that Lorrie Winters was employed by National Railway Equipment Co. as Plant Manager and was Plaintiff's supervisor. Defendants deny each and every remaining allegation in Paragraph 39 of the Complaint.

40.    Plaintiff complained to Lorrie Winters about Ray Thornton's behavior, because Plaintiff believed this was an appropriate channel to complain about Ray Thornton's behavior.

**ANSWER**: Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    Lorrie Winters took no action to curtail Ray Thornton's behavior and indicated, "If Plaintiff took care of Ray, Ray would take care of her".

**ANSWER**: Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    The other managers, at National Railway Equipment Co., were aware of Ray Thornton's behavior.

**ANSWER**: Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Because Lorrie Winters took no action, and Plaintiff no longer felt safe, Plaintiff went home upset on May 10, 2004, after further sexual comments by Ray Thornton, and notified Mid-States Technical Staffing Services Inc., the temporary service, who had assigned her to Defendant National Railway.

**ANSWER**:  Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    Plaintiff spoke to Brenda Weise, the Human Resources Director with Mid-States Technical Staffing Services, Inc., about the sexual harassment at National Railway Equipment Co.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint.  Therefore, Defendants deny each and every remaining allegation in Paragraph 44 of the Complaint.

45.    Plaintiff also spoke with Barbara Garoski, a manager connected with Mid-States Technical Staffing Services, Inc.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint.  Therefore, Defendants deny each and every remaining allegation in Paragraph 45 of the Complaint.

46.    Plaintiff was told not to return to National Railway Equipment Co. by Barbara Garoski, a manager connected with Mid-States Technical Staffing Services, Inc., while her complaints were being investigated.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint.  Therefore, Defendants deny each and every allegation in Paragraph 46 of the Complaint.

47.    However, the investigation was not completed and National Railway Equipment Co. marked Plaintiff's absence as unexcused.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47 of the Complaint and deny each and every allegations in Paragraph 47 of the Complaint.

48.    Plaintiff was terminated by National Railway Equipment Co. in retaliation for her complaint of sexual harassment by Mr. Thornton in May, 2004.

13

**ANSWER**:  Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Lorrie Winters, Plaintiff's other supervisor and manager of office personnel, besides Ray Thornton, participated in and condoned Ray Thornton's sexually harassing and discriminatory behavior.

**ANSWER**:  Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Mid-States Technical Staffing, Inc., a/k/a Entegee, placed people only at National Railway Equipment Co., and did not place employees at any other business, so the temporary service did not provide Plaintiff with any other assignment.

**ANSWER**:  Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Since Mid-States Technical Staffing, Inc., a/k/a Entegee only places employees at National Railway Equipment Co., so they are basically an interview and payroll service for National Railway Equipment Co., and thus part and parcel to the same company.

**ANSWER**:  Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Plaintiff did not participate in the sexually harassing comments and behavior of Ray Thornton.

**ANSWER**:  Defendants deny that Ray Thornton engaged in any sexually harassing comments or behavior and further deny each and every remaining allegation in Paragraph 52 of the Complaint.

53.     The above sexual harassment, by Plaintiff's supervisor, Ray Thornton, constituted different treatment of Plaintiff, from the treatment of her male co-workers, other co-workers, and supervisors participating in sexually harassing comments and behavior.

**ANSWER**:  Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Plaintiff asserts that her discharge from employment with Defendant, National Railway Equipment Co., through the temporary service, Mid-States Technical Staffing, Inc.,

a/k/a Entegee, was in retaliation for Plaintiffs complaint, about the sexual harassment by Ray Thornton.

**ANSWER**:  Defendants deny the allegations in Paragraph 54 of the Complaint.

55.    Plaintiff complained to Lorrie Winters about Ray Thornton's sexually harassing behavior, but no action was ever taken, by her, as a supervisor of Plaintiff.

**ANSWER**:  Defendants deny the allegations in Paragraph 55 of the Complaint.

56.    While in employment, Plaintiff performed her job at least equally to the performance of her male co-workers.

**ANSWER**:  Defendants deny the allegations in Paragraph 56 of the Complaint.

57.    The above list of actions and comments described herein, by Plaintiff, is not an exhaustive list of the actions and comments of Ray Thornton, to Janet Colson, these listed actions and comments are merely examples to set forth notice of the nature of Plaintiffs allegations against  Ray  Thornton,  National  Railway Equipment Co., and Mid-States Technical Staffing, Inc., a/k/a Entegee.

**ANSWER**:  Defendants deny that Ray Thornton engaged in any sexually harassing comments or behavior and deny the allegations in Paragraph 57 of the Complaint.

58.    Because Ray Thornton was in the scope of his employment, as Vice-President of National Railway Equipment Co., during all of the above acts, Defendant, National Railway Equipment Co., is responsible for his actions, under the doctrine of respondent superior.

**ANSWER**:  Defendants deny the allegations in Paragraph 58 of the Complaint.

59.    Because Ray Thornton was in the scope of his employment, during all of the above acts, at National Railway Equipment Co. and Mid-States Technical Staffing, Inc., a/k/a Entegee, in its operation of business is merely an extension of National  Railway  Equipment Co.'s,  operations,  through  services  in  providing National Railway Equipment Co., and no

other, with payroll and hiring, Mid-States Technical Staffing, Inc., a/k/a Entegee is responsible for the actions of National Railway Equipment Co., and its employees, including Ray Thornton, under the doctrine of respondent superior.

**ANSWER**: Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Mid-States Technical Staffing, Inc., a/k/a Entegee is also responsible for the actions of National Railway Equipment Co. because it is essentially a division or involved in a collaborative effort of the business of National Railway Equipment Co., functioning solely in the hiring and payroll for that company.

**ANSWER**: Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Prior to Ray Thornton's sexually harassing comments of Janet Colson, Ray Thornton had previously sexually harassed several female employees, under his supervision, at National Railway Equipment Co.

**ANSWER**: Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Several of these other female employees had complained, to National Railway Equipment Co., about Ray Thornton's sexually harassing comments and behavior toward them, specifically to Lorrie Winters, a supervisor of the Executive/Administrative Assistants in that office, and National Railway Equipment Co. had previously taken no action, as well as in the case of Janet Colson.

**ANSWER**: Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Because there had been several employees complain to National Railway Equipment Co., through Lorrie Winters, of Ray Thornton's sexually harassing behavior toward women under his supervision, National Railway Equipment had been on notice, for an extended period of time, of Ray Thornton's sexually harassing behavior, and had chose to do nothing, and, in fact, had fostered the sexual harassment by continually choosing to take no action and placing female employees under his supervision.

**ANSWER**: Defendants deny the allegations in Paragraph 63 of the Complaint.

64.     Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 of the Complaint and therefore deny the allegations in Paragraph 64 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

65.     The above actions set forth in Count I constitute a hostile working environment and supervisor harassment in violation of Title VII of the Civil Rights Act of 1964.

**ANSWER**: Defendants deny the allegations in Paragraph 65 of the Complaint.

66.     In reference to this hostile working environment and supervisor harassment, the Defendant, National Railway Equipment Co., knew, or reasonably should have known, of the alleged sexually harassing conduct by its employee, Ray Thornton.

**ANSWER**: Defendants deny the allegations in Paragraph 66 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory conduct.

67.     In reference to this hostile working environment and supervisor harassment, the Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, performing the employee hiring and payroll functions, of National Railway Equipment Co., knew, or reasonably should have known, of the alleged sexually harassing conduct by the Vice-President of National Railway Equipment Co., Ray Thornton, for which it performed payroll and hiring functions, based on prior complaints by other female employees.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 67 of the Complaint and

17

therefore deny the allegations in Paragraph 67 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

68.     Defendant, National Railway Equipment Co., did not have adequate policies and procedures actually in practice to allow plaintiff the appropriate opportunity to report the discriminatory behavior.

**ANSWER**: Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, did not have adequate policies and procedures actually in practice to allow plaintiff the appropriate opportunity to report he discriminatory behavior.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69 of the Complaint and therefore deny the allegations in Paragraph 69 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

70.     Defendant, Ray Thornton, utilized his supervisory position as Vice-President, at National Railway Equipment Co., to sexually harass and intimidate Plaintiff, Janet Colson, his administrative assistant.

**ANSWER**: Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     The above referred actions set forth in Count I constitute discrimination in performance and enforcement of employment contract, in violation of Title VII of the Civil Rights Act of 1964, by National Railway Equipment Co.

**ANSWER**: Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     The above referred actions set forth in Count I constitute discrimination in performance and enforcement of employment contract, in violation of Title VII of the Civil Rights Act of 1964, by Mid-States Technical Staffing, Inc., a/k/a Entegee

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 72 of the Complaint and therefore deny the allegations in Paragraph 72 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

73.    The above referred actions set forth in Count I constitute sexual harassment in enforcement, performance, terms, and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, by National Railway Equipment Co.

**ANSWER**: Defendants deny the allegations in Paragraph 73 of the Complaint.

74.    The above referred actions set forth in Count I constitute sexual harassment in enforcement, performance, terms, and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, by Mid-States Technical Staffing, Inc., a/k/a Entegee

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 of the Complaint and therefore deny the allegations in Paragraph 74 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

75.    The above referred actions set forth in Count I constitute retaliatory discharge or termination of an employment contract for Plaintiff having complained of discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, by National Railway Equipment Co.

**ANSWER**: Defendants deny the allegations in Paragraph 75 of the Complaint.

76.    The above referred actions set forth in Count I constitute retaliatory discharge and  termination of an employment contract for Plaintiff having complained of discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, by Mid-States Technical Staffing, Inc., a/k/a Entegee

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76 of the Complaint and therefore deny the allegations in Paragraph 76 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

77.     Any reason which Defendant, National Railway Equipment Co., attempts to articulate for harassing and treating Plaintiff differently from her male co-workers are merely a pretext for improper motivation of sexual discrimination and harassment, hostile working environment, and retaliation in the enforcement, performance, terms, and conditions of Plaintiff's employment contract.

**ANSWER**: Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Any reason which Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, attempts to articulate for harassing and treating Plaintiff differently from her male co-workers are merely a pretext for improper motivation of sexual discrimination and harassment, hostile working environment, and retaliation in the enforcement, performance, terms, and conditions of Plaintiffs employment contract.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 78 of the Complaint and therefore deny the allegations in Paragraph 78 of the Complaint. Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

79.     Plaintiff reasonably exercised such reporting procedures, in place by National Railway Equipment Co., as were practically available to her in reference to her claim of sexual harassment.

**ANSWER**: Defendants deny the allegations in Paragraph 79 of the Complaint.

80.    Plaintiff reasonably exercised such reporting procedures, in place by Mid-States Technical Staffing, Inc., a/k/a Entegee, as were practically available to her in reference to her claim of sexual harassment.

**ANSWER**:  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 of the Complaint and therefore deny the allegations in Paragraph 80 of the Complaint.  Defendants affirmatively state that Plaintiff was not subject to any discriminatory behavior.

81.    As a result of Defendants' actions, Plaintiff has lost wages and benefits prior to the filing of this lawsuit and will lose wages and benefits in the future, such as retirement, medical benefits, vacation pay, profit sharing, et cetera.

**ANSWER**:  Defendants deny the allegations in Paragraph 81 of the Complaint.

82.    As a result of Defendants' actions, Plaintiff has suffered pain, humiliation, and emotional distress.

**ANSWER**:  Defendants deny the allegations in Paragraph 82 of the Complaint.

83.    It is appropriate, pursuant to the remedies available, pursuant to Title VII of the Civil Rights Act of 1964, that consequential damages such as loss of future job opportunities and personal injuries, such as pain, suffering, humiliation, and emotional distress, be awarded.

**ANSWER**:  Defendants deny the allegations in Paragraph 83 of the Complaint.

84.    It is appropriate pursuant to Title VII of the Civil Rights Act of 1964 that, because Defendants acted with willful, intentional, or in reckless disregard for Plaintiffs federally protected rights, in relation to the violation of Title VII, that punitive damages to the maximum extent available for the number of employees employed by Defendant, National Railway Equipment Co., be granted.

**ANSWER**:  Defendants deny Plaintiff has stated a claim upon which relief can be granted and further deny that a violation of Title VII has occurred.  Defendants deny each and every remaining allegation contained in Paragraph 84 of the Complaint.  Defendants affirmatively state that Plaintiff was not discriminated against in any way.

85.    It is appropriate pursuant to Title VII of the Civil Rights Act of 1964 that, because Defendants acted with willful, intentional, or reckless disregard for Plaintiff's federally protected rights, in relation to the violation of Title VII, that punitive damages to the maximum extent available for the number of employees employed by Defendant, Mid-States Technical Staffing, Inc., a/k/a Entegee, be granted.

**ANSWER**:  Defendants deny the allegations of Paragraph 85 and further deny that a violation of Title VII has occurred.

86.    It is appropriate   that   Plaintiff, Janet Colson, be awarded her reasonable attorney fees and costs pursuant to Title VII of the Civil Rights Act of 1964.

**ANSWER**:  Defendants deny the allegations of Paragraph 86 of the Complaint.

87.    The standard for reasonable attorney fees in this case are to be determined as indicated by North Carolina Department of Transportation v. Crest Street Community Council, Inc., 107 S.Ct. 336 (1986).

**ANSWER**:  Defendants deny the allegations of Paragraph 87 of the Complaint.

## COUNT 2 - ASSAULT

88.    Plaintiff repleads paragraph 1 through 64, the same as if set forth, in full, herein.

**ANSWER**:  Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 64 of the Complaint.

89.     The matters set forth above, including, but not limited to, described in paragraphs 29 through 38, were done by Ray Thornton with the intent to put Plaintiff, Janet Colson, in fear of physical contact or injury, which would be insulting or offensive.

**ANSWER**:  Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Janet Colson, Plaintiff, reasonably believed that Defendant, Ray Thornton, was going to carry out the acts immediately.

**ANSWER**:  Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants' actions were the proximate cause of Plaintiffs damages, which include, but are not limited to, the following: back and front pay; back and front benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

**ANSWER**:  Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Because Ray Thornton performed the above actions within the scope of his employment, Defendant, National Railway Equipment Co., is responsible for his actions as a supervisor in said company, including his actions of July 16, 2000.

**ANSWER**:  Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     In the alternative, if the doctrine of Respondent Superior does not apply, Defendant, National Railway Equipment Co., is responsible, to Plaintiff, for the actions  of Ray  Thornton because  National  Railway  Equipment Co. had knowledge that he was harassing Plaintiff and other female employees and recklessly disregarded the safety of Janet Colson, and thus aided and abetted in the assaultive behavior.

**ANSWER**:  Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendant's actions were the proximate cause of Plaintiffs damages which include, but are not limited to, the following: back and front pay; back and front benefits; past

and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

     **ANSWER**:  Defendants deny the allegations in Paragraph 94 of the Complaint.

     95.     Because the above-mentioned actions constituted willful and wanton disregard for the rights and safety of Plaintiff, punitive damages are appropriate against Defendant Ray Thornton and National Railway Equipment Co.

     **ANSWER**:  Defendants deny the allegations in Paragraph 95 of the Complaint.

### COUNT 3 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

     96.     Plaintiff repleads paragraph 1 through 64, the same as if set forth, in full, herein.

     **ANSWER**:  Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 64 of the Complaint.

     97.      Defendants, National Railway Equipment Co. and Ray Thornton, engaged in outrageous conduct, in relation to activities plead in paragraphs 1 through 64 above.

     **ANSWER**:  Defendants deny the allegations in Paragraph 97 of the Complaint.

     98.     Defendant, Ray Thornton, engaged in outrageous conduct by his actions described in paragraphs 29 through 38.

     **ANSWER**:  Defendants deny the allegations in Paragraph 98 of the Complaint.

     99.     Defendant, National Railway Equipment Co., engaged in outrageous conduct because of failure to respond to Janet Colson's complaint, through her supervisor, Lorrie Townsend, and to protect her from Ray Thornton, pursuant to her complaint lodged with Lorrie Winters,  the appropriate supervisor to which to complain, at National Railway Equipment Co.

     **ANSWER**: Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendant, National Railway Equipment Co., engaged in outrageous uninvited conduct because it knew, from complaints of other female employees, of uninvited sexual comments, sexual behavior, of Ray Thornton, the Vice-President, and manager to female employees under his supervision, and failed to take any actions, even though National Railway Equipment Co. was aware of these other complaints prior to the timeframe that Ray Thornton's actions were perpetrated upon Janet Colson.

**ANSWER**:  Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendant, Ray Thornton, intentionally caused emotional distress, or acted with reckless disregard to the probability of causing emotional distress by his activities set forth in paragraphs 29 through 38, above to Plaintiff.

**ANSWER**:  Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendant, National Railway Equipment Co., caused emotional distress, or acted with reckless disregard to the probability of causing emotional distress, to Janet Colson, by its failure to act upon her complaints and take them seriously in reference to Ray Thornton, particularly in light of its knowledge of complaints of previous female employees, and failure to protect Plaintiff from Ray Thornton's actions.

**ANSWER**:  Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    The Defendant, National Railway Equipment Co., intentionally caused emotional distress, or acted with reckless disregard to the probability of causing emotional distress, by its failure, also, to take corrective action against Ray Thornton when it was aware of other complaints by other female employees during the timeframe prior to the actions by Ray Thornton against Janet Colson, and her complaints thereof.

**ANSWER**:  Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants', National Railway Equipment Co.'s and Ray Thornton's, outrageous conduct was the proximate cause of emotional distress to Plaintiff.

**ANSWER**:  Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendant's actions were the proximate cause of Plaintiffs damages which include, but are not limited to, the following: back and front pay; back and front benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

**ANSWER**:  Defendants deny the allegations in Paragraph 105 of the Complaint.

106.    Because the above-mentioned actions constituted willful and wanton disregard for the rights and safety of Plaintiff, punitive damages are appropriate.

**ANSWER**:  Defendants deny the allegations in Paragraph 106 of the Complaint.

## COUNT 4 - INTENTIONAL INTERFERENCE WITH CONTRACT

107.    Plaintiff repleads paragraphs 1 through 49, the same as if set forth, in full, herein.

**ANSWER**:  Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 49 of the Complaint.

108.    Plaintiff had a contract with Mid-States Technical Staffing, Inc., a/k/a Entegee, (the company which performed all of the hiring and payroll operations for National Railway Equipment Co.,) and National Railway Equipment Co., as an administrative assistant.

**ANSWER**:  Defendants deny the allegations in Paragraph 108 of the Complaint.

109.    Defendant, Ray Thornton, knew of Plaintiffs contract, referred to above, because he was her supervisor.

**ANSWER**:  Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Defendant, Ray Thornton, intentionally and improperly interfered with Janet Colson's contract by making sexual comments and engaging in sexual behavior at work, and

thus exposing her to unsafe conditions at work, as set forth in paragraphs 29 through 38 above.

**ANSWER**:  Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendant's, Ray Thornton's, interference with Janet Colson's contract of employment, caused Janet Colson to be terminated from employment in March, 2004.

**ANSWER**:  Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    Defendant's, Ray Thornton's, interference with Plaintiffs contract was intentional and improper.

**ANSWER**:  Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    Defendants', Ray Thornton's and National Railway Equipment Co.'s, actions were the proximate cause of Plaintiffs damages which include, but are not limited to, the following: back and front pay; back and front benefits; past and future pain, suffering, humiliation, and emotional distress; future loss of earning capacities; loss of business opportunity; and loss of reputation.

**ANSWER**:  Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    Because the above-mentioned actions constituted willful and wanton disregard for the rights and safety of Plaintiff, punitive damages are appropriate.

**ANSWER**:  Defendants deny the allegations in Paragraph 114 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent she has failed to mitigate her damages, if any.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot bring claims or seek any recovery for any alleged acts of discrimination that were not raised in charges that she timely filed against National Railway Equipment Co. with the Equal Employment Opportunity Commission.

### THIRD AFFIRMATIVE DEFENSE

Each of Plaintiff's causes of action fails to state facts sufficient to constitute a cause of action.

### FOURTH AFFIRMATIVE DEFENSE

Defendants allege that the actions with respect to Plaintiff were based upon valid business reasons, not related to Plaintiff's sex or other unlawful basis.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleged violations of Title VII which allegedly occurred more than three hundred days from the filing of the charge with the Equal Employment Opportunity Commission, Plaintiff has failed to file a timely charge with respect to such acts and therefore the court lacks jurisdiction of the subject matter regarding same.

### SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff is estopped and barred from alleging in this action matters which were not alleged in charges timely filed with the Equal Employment Opportunity Commission.

### SEVENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's common law claims are preempted by the Illinois Human Rights Act ("IHRA"). 775 ILCS 5/8-111(C) (2001). Specifically, and without limitation, Counts 2, 3, and 4 are inextricably intertwined with alleged IHRA violations. As such, and under Illinois law, those claims are preempted by the IHRA and the IHRA claims were either

not timely filed or were never filed with the IHRA.  As a result, the claims in those Counts are time barred.

### EIGHTH AFFIRMATIVE DEFENSE

In the alternative, Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court dismiss the Complaint with prejudice and award Defendants all of its costs and attorneys' fees in this matter.

Dated:  November 10, 2005

Respectfully submitted,

NATIONAL RAILWAY EQUIPMENT CO.
and RAY THORNTON,
Defendants

**s/ Matthew P. Pappas**

Matthew P. Pappas
Terri L. Martin
ATTORNEYS FOR DEFENDANTS
PAPPAS & SCHNELL, P.C.
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Telephone:  (309) 788-7110
Facsimile: (309) 788-2773
E-mail: mpappas@pappasandschnell.com
E-mail: tmartin@pappasandschnell.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2005, I electronically filed the foregoing Answer and Affirmative Defenses of National Railway Equipment Co. and Ray Thornton with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

M. Leanne Tyler
Attorney Plaintiff
TYLER & ASSOCIATES, P.C.
4431 E. 56th Street
Davenport, IA  52807
MLT@ltylerlaw.com

Dated this 10th day of November, 2005.

**s/ Matthew P. Pappas**

Matthew P. Pappas
Terri L. Martin
ATTORNEYS FOR DEFENDANTS
NATIONAL RAILWAY EQUIPMENT CO.
and RAY THORNTON
PAPPAS & SCHNELL, P.C.
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Telephone:  (309) 788-7110
Facsimile: (309) 788-2773
E-mail: mpappas@pappasandschnell.com
E-mail: tmartin@pappasandschnell.com