IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JANET COLSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 05-4083 |
| | ) | |
| v. | ) | **ANSWER AND** |
| | ) | **AFFIRMATIVE AND** |
| NATIONAL RAILWAY EQUIPMENT CO. | ) | **OTHER DEFENSES OF** |
| MID-STATES TECHNICAL STAFFING | ) | **MID-STATE TECHNICAL** |
| SERVICES, INC., and RAY THORNTON, | ) | **STAFFING SERVICES, INC.** |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rules 8 and 12, Fed. R. Civ. P., Defendant Mid-States Technical Staffing Services, Inc. ("MST") answers Plaintiff Janet Colson's ("Plaintiff") Complaint and presents its affirmative defenses as follows:

**I. ANSWER**

1.      Regarding the allegations contained in paragraph 1 of Plaintiff's Complaint, MST admits Plaintiff has filed an action allegedly brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), but MST denies that it has violated Title VII and it further denies all remaining allegations therein.

2.      MST denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

**AS TO JURISDICTION AND VENUE**

3.      Regarding the allegations contained in paragraph 3 of Plaintiff's Complaint, MST denies that it has violated Title VII and thus further denies all remaining allegations therein.

4. Regarding the allegations contained in paragraph 4 of Plaintiff's Complaint, MST denies that it has violated Title VII and thus further denies all remaining allegations therein.

5. MST denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Regarding the allegations contained in paragraph 6 of Plaintiff's Complaint, MST admits that venue is proper but denies all remaining allegations contained therein.

### AS TO ADMINISTRATIVE PROCEDURE

7. Regarding the allegations contained in paragraph 7 of Plaintiff's Complaint, the referenced Exhibits 1 and 2 attached to the Complaint speak for themselves and MST denies all remaining allegations contained therein.

8. MST denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 9 of Plaintiff's Complaint and therefore denies them.

### AS TO PARTIES

10. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 10 of Plaintiff's Complaint and therefore denies them.

11. MST denies the allegations contained in paragraph 11 of Plaintiff's Complaint, except that Plaintiff is a female.

12. MST denies the allegations contained in paragraph 12 of Plaintiff's Complaint, except that it admits that Plaintiff is a female and worked for National Railway Equipment Co. at the stated address but is without knowledge as to whether the address included a "North" designation.

13. Regarding the allegations contained in paragraph 13 of Plaintiff's Complaint, MST admits that Plaintiff is a female and that Title VII, *inter alia*, prohibits sex discrimination in employment, but MST denies that it has violated Title VII.

14. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 14 of Plaintiff's Complaint and therefore denies them.

15. MST denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. MST denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. MST denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 18 of Plaintiff's Complaint and therefore denies them.

19. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 19 of Plaintiff's Complaint and therefore denies them.

20. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 20 of Plaintiff's Complaint and therefore denies them.

21. MST denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 22 of Plaintiff's Complaint and therefore denies them.

23. MST denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 24 of Plaintiff's Complaint and therefore denies them.

25. MST denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

## AS TO COUNT 1

26. MST denies the allegations contained in paragraph 26 of Plaintiff's Complaint, except that it admits that Plaintiff worked for National Railway Equipment Co. at the stated address on or about March 4, 2004 (but is without knowledge as to whether the address included a "North" designation).

27. Regarding the allegations contained in paragraph 27 of Plaintiff's Complaint, MST admits that Plaintiff worked for National Railway Equipment Co. from on or about March 4, 2004 through on or about May 10, 2004, is without knowledge or

information sufficient to form a belief as to the truth or falsity of whether she was an "administrative assistant to Vice-President Ray Thornton" or whether she "adequately performed her work as an administrative assistant" and therefore denies them, and it denies all remaining allegations therein.

28. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 28 of Plaintiff's Complaint and therefore denies them.

29. Regarding the allegations contained in paragraph 29 of Plaintiff's Complaint, MST denies the allegations regarding it and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein and therefore denies them.

30. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 30 of Plaintiff's Complaint and therefore denies them.

31. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 31 of Plaintiff's Complaint and therefore denies them.

32. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 32 of Plaintiff's Complaint and therefore denies them.

33. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 33 of Plaintiff's Complaint and therefore denies them.

34. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 34 of Plaintiff's Complaint and therefore denies them.

35. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 35 of Plaintiff's Complaint and therefore denies them.

36. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 36 of Plaintiff's Complaint and therefore denies them.

37. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 37 of Plaintiff's Complaint and therefore denies them.

38. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 38 of Plaintiff's Complaint and therefore denies them.

39. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 39 of Plaintiff's Complaint and therefore denies them.

40. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 40 of Plaintiff's Complaint and therefore denies them.

41. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 41 of Plaintiff's Complaint and therefore denies them.

42. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 42 of Plaintiff's Complaint and therefore denies them.

43. Regarding the allegations contained in paragraph 43 of Plaintiff's Complaint, MST is without knowledge or information sufficient to form a belief as to the truth or falsity of whether "[b]ecause Lorrie Winters took no action, and Plaintiff no longer felt safe, Plaintiff went home upset on May 10, 2004, after further sexual comments by Ray Thornton," and therefore denies them; and MST further denies all remaining allegations therein except that it admits that on May 10, 2004, Plaintiff notified Brenda Wiese about alleged sexual harassment at National Railway Equipment Co.

44. Regarding the allegations contained in paragraph 44 of Plaintiff's Complaint, MST admits that Plaintiff spoke to Brenda Wiese about alleged sexual harassment at National Railway Equipment Co., but MST denies all remaining contained therein.

45. Regarding the allegations contained in paragraph 45 of Plaintiff's Complaint, MST admits that "Plaintiff also spoke with Barbara" Borowski about alleged sexual harassment at National Railway Equipment Co., but MST denies all remaining allegations contained therein.

46. Regarding the allegations contained in paragraph 46 of Plaintiff's Complaint, MST admits that after Plaintiff advised that she could not return to work at

7

National Railway Equipment Co., she agreed with Barbara Borowski that she should not return to National Railway Equipment Co. while her complaints were being investigated, but MST denies all remaining allegations contained therein.

47.     Regarding the allegations contained in paragraph 47 of Plaintiff's Complaint, MST denies that its internal investigation was not completed to the extent practicable, and MST is without knowledge or information sufficient to form a belief as to the truth or falsity of whether National Railway Equipment Co. marked Plaintiff's absence as unexcused.

48.     MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 48 of Plaintiff's Complaint and therefore denies them.

49.     MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 49 of Plaintiff's Complaint and therefore denies them.

50.     MST denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     MST denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 52 of Plaintiff's Complaint and therefore denies them.

53. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 53 of Plaintiff's Complaint and therefore denies them.

54. MST denies the allegations contained in paragraph 54 of Plaintiff's Complaint to the extent they allege any conduct by MST, and MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining matters asserted therein regarding the other defendants and therefore denies them.

55. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 55 of Plaintiff's Complaint and therefore denies them.

56. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 56 of Plaintiff's Complaint and therefore denies them.

57. MST denies the allegations contained in paragraph 57 of Plaintiff's Complaint regarding MST, and MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining matters asserted therein regarding the other defendants and therefore denies them.

58. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 58 of Plaintiff's Complaint and therefore denies them.

59. MST denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. MST denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 61 of Plaintiff's Complaint and therefore denies them.

62. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 62 of Plaintiff's Complaint and therefore denies them.

63. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 63 of Plaintiff's Complaint and therefore denies them.

64. MST denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. MST denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 66 of Plaintiff's Complaint and therefore denies them.

67. MST denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 68 of Plaintiff's Complaint and therefore denies them.

69. MST denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 70 of Plaintiff's Complaint and therefore denies them.

71. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 71 of Plaintiff's Complaint and therefore denies them.

72. MST denies the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 73 of Plaintiff's Complaint and therefore denies them.

74. MST denies the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 75 of Plaintiff's Complaint and therefore denies them.

76. MST denies the allegations contained in paragraph 76 of Plaintiff's Complaint.

77. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 77 of Plaintiff's Complaint and therefore denies them.

78. MST denies the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. MST is without knowledge or information sufficient to form a belief as to the truth or falsity of the matters asserted in paragraph 79 of Plaintiff's Complaint and therefore denies them.

80. MST denies the allegations contained in paragraph 80 of Plaintiff's Complaint.

81. MST denies the allegations contained in paragraph 81 of Plaintiff's Complaint.

82. MST denies the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. MST denies the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. MST denies the allegations contained in paragraph 84 of Plaintiff's Complaint.

85. MST denies the allegations contained in paragraph 85 of Plaintiff's Complaint.

86. MST denies the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. MST denies the allegations contained in paragraph 87 of Plaintiff's Complaint, and MST further denies that Plaintiff is entitled to judgment against MST or to any of the relief, damages, fees or costs requested in the "WHEREFORE" clause following paragraph 87.

88.  MST denies all allegations contained in Plaintiff's Complaint not specifically admitted herein.

## AS TO COUNT 2

89.  Since Count 2 is brought against Defendants National Railway Equipment Co. and Ray Thornton only, no response is required by MST.

## AS TO COUNT 3

90.  Since Count 3 is brought against Defendants National Railway Equipment Co. and Ray Thornton only, no response is required by MST.

## AS TO COUNT 4

91.  Since Count 4 is brought against Defendants National Railway Equipment Co. and Ray Thornton only, no response is required by MST.

## II.  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred to the extent she has failed to mitigate her damages, if any.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot bring claims or seek any recovery for any alleged acts of discrimination or retaliation not raised in her charge of discrimination filed against MST with the U.S. Equal Employment Opportunity Commission ("EEOC").

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted against MST.

### FOURTH AFFIRMATIVE DEFENSE

MST's alleged conduct was based on legitimate non-retaliatory, non-discriminatory lawful business reasons and not Plaintiff's sex and/or any alleged complaint of harassment, discrimination and/or retaliation.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges violations of Title VII occurring more than three hundred days before the filing of her charge against MST with the EEOC, she has failed to file a timely charge of discrimination with respect to such acts.

### SIXTH AFFIRMATIVE DEFENSE

Even if MST considered Plaintiff's sex and/or any alleged complaint of harassment, discrimination and/or retaliation in decisions relating to her, which MST vigorously denies, MST would have made and did make the same decisions based on legitimate, non-retaliatory and non-discriminatory lawful business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiff's common law claims, to the extent she has purported to plead any against MST, are preempted by the Illinois Human Rights Act ("IHRA"). 775 ILCS 5/8-111(C) (2001).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Title VII are barred to the extent that she failed to file suit within 90 days of her receipt of a Notice of Right to Sue issued by the EEOC, including because Plaintiff failed to timely file suit against Entegee, Inc.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to exhaust all administrative remedies and/or has failed to meet all procedural and/or jurisdictional prerequisites to bringing this action.

### TENTH AFFIRMATIVE DEFENSE

MST exercised reasonable care to prevent and remedy promptly any allegedly unlawfully harassing behavior allegedly directed toward Plaintiff, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by MST or to otherwise avoid harm.

### ELEVENTH AFFIRMATIVE DEFENSE

Any back pay or front pay to which Plaintiff claims she is entitled, which MST denies, is offset by Plaintiff's earnings and benefits from interim or subsequent employment.

### TWELFTH AFFIRMATIVE DEFENSE

Any award to Plaintiff of compensatory and/or punitive damages in this action, which MST denies should occur, is limited to the statutory amount set forth in 42 U.S.C. § 1981a(b)(3)(A).

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against MST are barred because she failed to exhaust all administrative remedies and/or has failed to meet all procedural and/or jurisdictional prerequisites to bringing this action, in that she failed to timely file a charge of discrimination because she withdrew her complaint from the Illinois Department of Human Rights.

### III.  REQUEST FOR ATTORNEYS' FEES

MST is entitled to recovery of its attorneys' fees and other costs associated with the defense of this action pursuant to 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, MST denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court dismisses the Complaint with prejudice and award MST all of its costs and attorney's fees in this matter.

Dated:  November 14, 2005

                                                  Respectfully submitted,

                                                  MID-STATES TECHNICAL STAFFING SERVICES, INC.

                                                  By: _____s/ John F. Doak_____
                                                        John F. Doak, Bar Number 6204122

Attorney for Defendant
Katz, Huntoon & Fieweger, P.C.
1000 - 36th Avenue
P.O. Box 950
Moline, IL. 61266-0950
Telepone:  309-797-3000
Fax:  309-797-2167

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2005, I electronically filed the foregoing ANSWER AND AFFIRMATIVE AND OTHER DEFENSES OF DEFENDANT MID-STATES TECHNICAL STAFFING SERVICES, INC. with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Matthew P. Pappas
Terri L. Martin
Attorneys for Defendants National Railway
Equipment Company and Ray Thornton
Pappas & Schnell
1617 Second Avenue, Suite 300
Rock Island, IL 61201
mpappas@pappasandschnell.com
tmartin@pappasandschnell.com

and I hereby certify that on the same day, I mailed by United States Postal Service, the document to the following non-registered participants:

M. Leanne Tyler
Attorney for Plaintiff
Tyler & Associates, P.C.
4431 E. 56th Street
Davenport, IA 52807
Telephone: (319) 355-4040
Facsimile: (319) 355-8883
tylerlaw@revealed.net

Dated: November 14, 2005                Respectfully submitted,

                                        MID-STATE TECHNICAL STAFFING
                                        SERVICES, INC.

                                        By:      s/ John F. Doak
                                             John F. Doak, Bar Number 6204122

Attorney for Defendant
Katz, Huntoon & Fieweger, P.C.
1000 - 36th Avenue
P.O. Box 950
Moline, IL. 61266-0950
Telephone: 309-797-3000
Fax: 309-797-2167